# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **RANDALL SCARBOROUGH** | **CASE NO. 6:19-CV-00181** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **CORE LIFTING OF LAFAYETTE L L C** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

Presently before the Court are Plaintiff Randall Scarborough's Motion to Dismiss Core Lifting's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) [doc. 15] and Plaintiff Randall Scarborough's Motion to Strike Core Lifting's Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) [doc. 16]. As explained below, both motions are DENIED.

## I.
### BACKGROUND

Randall Scarborough ("Plaintiff") filed his Complaint on February 13, 2019 alleging that Core Lifting of Lafayette, LLC ("Defendant") is infringing U.S. Patent No. 6,848,322 ("the 322 Patent") and U.S. Patent No. 7,248,447 ("the 447 Patent").[1] Defendant filed its Answer, Affirmative Defenses and Counterclaim on April 8, 2019.[2] Plaintiff then the present motions challenging the sufficiency of Defendant's pleading.

---

[1] Doc. 1.
[2] Doc. 8.

1

## II.
## LAW AND ANALYSIS

**A. 12(b)(6) Standard.**

A motion to dismiss a counterclaim brought pursuant to Fed. R. Civ. P. 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint. A claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[3] "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[4] The facts alleged, taken as true, must state a claim that is plausible on its face.[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] A counterclaim is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."[7]

B. Analysis of the 12(b)(6 Motion.

Plaintiff argues that Defendant's counterclaim does not contain sufficient factual allegations but are mere recitations of the statute. The Court has reviewed the counterclaim and disagrees. While *Iqbal* and *Twombly* have tightened the pleading standards, the aim of the plausibility standard is to give the opposing party fair notice of the grounds for a claim and a general indication of the type of litigation involved.[8] Defendant's counterclaim without question

---

[3] Fed. R. Civ. P. 8(a)(2).
[4] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).
[5] *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).
[6] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).
[7] *Id.* (quoting *Twombly*, 127 S.Ct. at 1965).
[8] *Id.* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

provides Plaintiff with notice as to the nature and basis for the claim. Specifically, the counterclaim contains the following allegations:

> 25. The subject matter disclosed and claimed in the '322 Patent and the '447 Patent has been in public use, on sale and/or offered for sale for more than one (1) year prior to the applicable filing dates of the patent applications giving rise to said patents.
>
> 26. The prior art directly anticipates the subject matter claimed in the '322 Patent and the '447 Patent and/or renders such subject matter obvious and unpatentable, under applicable law.[9]

These are more than conclusory allegations or mere citations of statutory standards. The Court concludes that the Counterclaim is sufficient to satisfy the pleading requirements of *Iqbal/Twombly*. Accordingly, the Motion to Dismiss is **DENIED**.

**C. Motion to Strike.**

Plaintiff next argues that the affirmative defenses asserted by Defendant fail to meet the required pleading standards and should be stricken. A motion to strike under Rule 12(f) is a "drastic remedy" that should be used sparingly.[10] Further, "even when technically appropriate and well-founded," a motion to strike should not be granted unless the moving party demonstrates prejudice.[11] The Fifth Circuit has explained that an affirmative defense is "subject to the same pleading requirement as is the complaint" and that a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[12] However, even if the Court were to agree that the Defendant's affirmative defenses fail to satisfy the pleading requirements, Plaintiff has failed to demonstrate that denying

---

[9] Doc. 8.
[10] See *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).
[11] *Abene v. Jaybar, LLC*, 802 F.Supp.2d 716, 723 (E.D. La. 2011).
[12] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999).

the Motion to Strike will prejudice him. The Defendant bears the burden of proving the affirmative defenses and to the extent that Plaintiff believes those defenses are legally unfounded, he can seek summary judgment on that issue. The Court finds that the Motion to Strike is not appropriate and will be DENIED.

For the foregoing reasons, Plaintiff Randall Scarborough's Motion to Dismiss Core Lifting's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6) [doc. 15] and Plaintiff Randall Scarborough's Motion to Strike Core Lifting's Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) [doc. 16] are both DENIED. A separate order in conformity with the foregoing reasons will be entered into the record.

THUS DONE in Chambers on this \_\_10th\_\_ day of March, 2020.

Robert R. Summerhays
United States District Judge